# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

Brian Wendall Jordan, )
    Petitioner, )
     )
v. ) 1:12cv1156 (AJT/TRJ)
     )
Harold W. Clarke, )
    Respondent. )

## MEMORANDUM OPINION

Brian Wendall Jordan, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of numerous offenses to which he pleaded guilty in the Circuit Court of the City of Norfolk. By Order dated October 18, 2012, petitioner was assessed the applicable statutory filing fee of $ 5.00, and he was directed either to pay that amount or to move to proceed in forma pauperis. In addition, petitioner's institution was requested to provide an Inmate Account Report Form ("IARF") on petitioner. Petitioner submitted a motion for leave to proceed in forma pauperis on November 5, 2012, but when the IARF was received, it disclosed that petitioner did not qualify for in forma pauperis status. Accordingly, by Order dated November 28, 2012, the petition was dismissed, without prejudice to petitioner's ability to submit the filing fee within thirty (30) days. The filing fee was received on December 19, and by Order entered January 3, 2012, the petition was reopened, and respondent was directed to show cause within sixty (60) days why relief should not be granted. On March 3, 2013, respondent filed a Motion to Dismiss the petition, along with a supporting brief and exhibits. Petitioner was provided with notice as

1

required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a Response/Traverse. For the reasons which follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice, as time-barred.

## I. Background

On November 5, 2009, petitioner pleaded guilty to charges of malicious wounding, robbery, first degree murder, aggravated malicious wounding and burglary. Resp. Ex. 2 at 7. A final judgment of conviction was entered on February 25, 2010, and petitioner was sentenced to a total of 120 years imprisonment, with 40 years suspended. Resp. Ex. 1. Petitioner did not take a direct appeal. Resp. Ex. 2 at 2.

On November 16, 2011, petitioner timely filed an application for a state writ of habeas corpus in the trial court, raising the sole claim that his rights under the Sixth and Fourteenth Amendments were violated when "[i]neffective assistance of counsel produced a guilty plea that was not knowing, intelligent, and voluntary where counsel failed to pursue an insanity defense that was readily available." Resp. Ex. 2 at 2. By Order entered January 26, 2012, the habeas petition was denied and dismissed with prejudice. Petitioner sought review of that result by the Supreme Court of Virginia, but his petition for appeal was refused on August 9, 2012. Jordan v. Braxton, R. No. 120697 (Va. Aug. 9, 2012); Resp. Ex. 3.

Petitioner then turned to the federal forum and filed this application for habeas relief pursuant to § 2254 on September 12, 2012,[1] raising the following claims:

---

[1] A pleading submitted by an incarcerated litigant is deemed filed when the prisoner delivers it to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, petitioner certified that he placed his petition in the prison mailing system on September 12, 2012, Pet. at form p. 15, and it was date-stamped as received by the Clerk on October 2, 2012. Pet. at 1.

2

1. He received ineffective assistance of counsel when his attorney failed adequately to investigate his case.

2. He received ineffective assistance of counsel when his attorney failed to view the crime scene.

3. He received ineffective assistance of counsel when his attorney filed no direct appeal.

4. He received ineffective assistance of counsel when his attorney advised him to plead guilty despite "concrete evidence" that he was insane when the crimes were committed and that he desperately needed psychiatric treatment.

Pet. at handwritten ¶ 6.

As noted above, respondent has filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief and exhibits, and petitioner has submitted a Response/Traverse. Accordingly, this matter is now ripe for disposition.

## II. The Petition is Time-Barred

A petition for a § 2254 writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

In the instant case, petitioner was convicted and sentenced on February 25, 2010. Resp. Ex. 1. Because petitioner took no direct appeal, the convictions became final on March 27, 2010, when the time expired during which he could have filed an appeal. See United States v. Williams, 139 F.3d 896 (table), 1998 WL 120116 at *2 (4th Cir. Mar. 5, 1998) ("Under Virginia

law, a conviction is final thirty days after the entry of the judgment of conviction.")

In calculating the AEDPA limitations period, the Court generally must exclude the time during which properly-filed state collateral proceedings pursued by a petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Here, however, petitioner did not commence his postconviction proceeding until November 16, 2011, when he filed his state habeas corpus petition in the trial court. Since by then over one year and seven months had elapsed since petitioner's convictions became final, the pendency of a state action could no longer toll the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); Rashid v. Khulmann, 991 F.Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") Accordingly, this petition is untimely under § 2244(d), unless petitioner can establish that the statute of limitations does not apply or should otherwise be tolled. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (requiring notice and the opportunity to respond before a sua sponte dismissal under § 2244(d)).

In his Response/Traverse, petitioner does not appear to address respondent's invocation of the limitations defense. Instead, petitioner responds to respondent's alternate argument that claims 1 through 3 of this federal petition are procedurally defaulted from federal review.

Specifically, petitioner argues that the default of those claims was caused by counsel's ineffective assistance, and petitioner thereby suffered prejudice because he is actually innocent of the offenses of which he stands convicted, since in his view he is "guilty of insanity rather than murder." Resp./Trav. at 5.

Even if it were generously assumed in deference to petitioner's pro se status that the arguments he puts forward in the Response/Traverse were directed at the untimeliness of this petition, the petition still would be subject to dismissal. If petitioner's arguments were so interpreted, he would appear to seek equitable tolling of the limitations period. The United States Supreme Court has established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244 (d) is subject to equitable tolling in appropriate cases."). It has been settled in this circuit for some time that § 2244(d) may be subject to equitable doctrines such as tolling under very limited circumstances. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). Importantly, however, as the Fourth Circuit Court of Appeals has warned, invocations of equity

> ... to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individual hardship supplant the rules of clearly drafted statutes .... We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Rouse, 339 F.3d at 246. For equitable tolling to apply, therefore, a petitioner must establish that (1) extraordinary circumstances, (2) beyond his control and external to his own conduct (3)

5

prevented him from filing on time. Id. On the other hand, it is settled that a petitioner's own lack of diligence in pursuing his federal remedy generally acts to negate the application of equitable tolling. See Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001).

To the extent that petitioner cites attorney negligence in his Response/Traverse, his argument for equitable tolling is unpersuasive. Error by counsel repeatedly has been held to be an insufficient justification for the application of equitable tolling. See Rouse, 339 F.3d at 248 (quoting Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) for the proposition that "[i]neffective assistance of counsel generally does not warrant equitable tolling"); see also, Harris, 209 F.3d at 330-31; Broadnax v. Angelone, No. 2:02cv158, 2002 WL 32392670, at * 1 (E.D.Va. Sept. 19, 2002) ("[Petitioner's] failure to direct his attorney to file an appeal for him does not give him a basis upon which he may come into federal court after the statute of limitations has run .... [and] [a]ssuming, arguendo, that petitioner's attorney had erroneously advised him in connection with his collateral appeal, that failure would be insufficient to warrant equitable tolling of a statute of limitations.").

Petitioner's presumptive argument that the limitations bar should not apply because he is actually innocent of the crimes of which he was convicted fails for two reasons. First, while the Supreme Court and the Fourth Circuit apparently have not yet spoken on the issue, the majority of circuits hold that actual innocence is not an exception to the § 2244(d) statute of limitations. See, e.g., Lee v. Lampert, 610 F.3d 1125, 1128 - 31 (9th Cir. 2010) (concluding that there is no actual innocence exception to §2244(d)); Escamilla v. Jungwirth, 426 F.3d 868, 871 (7th Cir. 2005) (holding that actual innocence is "unrelated to the statutory timeliness rules ... [and] does not extend the time to seek collateral relief"); David v. Hall, 318 F.3d 343, 347 (1st Cir. 2003) (finding that "defendants who may be innocent are constrained by the same explicit statutory or

rule-based deadlines as those against whom the evidence is overwhelming"); Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002) (holding that claims of actual innocence do not "justify equitable tolling of the limitations period"); Flanders v. Graves, 299 F.3d 974, 978 (8th Cir. 2002) (stating that there is no actual innocence exception separate from the usual equitable tolling factors).

Second, even if actual innocence were an exception to the limitations bar, petitioner's contention that he was "guilty of insanity" but not of the criminal offenses to which he pleaded guilty was rejected in his state habeas corpus action. In the context of denying petitioner's claim that counsel rendered ineffective assistance for failing to pursue an insanity defense, the trial court found as follows:

> [T]he Court finds counsel's failure to seek a second opinion or move to have petitioner's mental status at the time of the crimes re-evaluated did not constitute ineffective assistance of counsel.
>
> Counsel filed a motion for a competency evaluation and to evaluate petitioner's mental status at the time of the offenses. Michael Kohn, a licensed clinical psychologist and certified forensic evaluator, conducted the evaluations. In his report prepared for counsel, Dr. Kohn concluded that petitioner's 'impaired functioning does not rise to the level required for an insanity defense.' The Court finds counsel did not have an affirmative duty to seek a second psychiatric opinion. Roach v. Martin, 757 F.2d 1463, 1477 (4th Cir. 1985).
>
> Further, petitioner has failed to proffer an affidavit from an expert in support of his claim that he was insane at the time of the offenses. See Muhammad, 474 Va. at 19, 646 S.E.2d at 195 (failure to proffer affidavits regarding testimony witness would have offered is fatal to Strickland claims).
>
> Further, the Court finds counsel was not ineffective for failing to file a frivolous motion seeking a re-evaluation when there were no grounds in support thereof. See Moody v. Polk, 403 F.3d 141, 151 (4th Cir. 2005) (holding counsel not required to file frivolous motions). Petitioner argues that counsel should have filed such a

> motion and used the testimony of his sister and mother and Veteran's Administration medical records to show that he was suffering PTSD, DID and delusions at the time of the crimes. Petitioner contends that if evidence had been used in such a motion, it would have 'compelled' the Court to grant the motion and any denial would have been clear error. However, petitioner's argument overlooks the fact that in concluding that petitioner was not insane at the time of the crimes, Dr. Kohn took into account the evidence petitioner now complains counsel should have used to seek a re-evaluation or rehearing. Further, counsel was aware that Dr. Kohn had considered the statements of petitioner's sister and mother and the petitioner's VA medical records in reaching his conclusion that petitioner did not meet the criteria for an insanity defense. Further, petitioner's mother and sister could not express an opinion as to petitioner's state of mind at the time of the offenses. See Jones, 202 Va. at 241-42, 117 S.E.2d at 71. In short, the Court finds counsel was not ineffective for failing to file a frivolous motion to re-evaluate, Moody, 403 F.3d at 151, since, contrary to petitioner's assertion, this Court would not have been 'compelled' to grant such a motion at the risk of committing 'clear error.'

Resp. Ex. 2 at 8 - 10, footnote omitted. Because the foregoing order was the last reasoned state court decision on the claim at issue, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

On § 2254 review, a federal court is required to afford a presumption of correctness to findings of fact made by the state courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998). Based upon the factual findings expressed in the foregoing Order, it is apparent that petitioner's mental condition at the time of the crimes was thoroughly explored prior to the entry of the plea. Petitioner's present assertion that he was actually innocent by reason of insanity is entirely conclusory, and he offers no facts, let alone any newly-discovered facts, to support his assertion of actual innocence. See

generally, Schulp v. Delo, 513 U.S. 298, 324 (1995) (holding in the context of procedural default of federal habeas claims, a gateway claim of actual innocence requires a petitioner to show "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial."). Therefore, if petitioner intended to argue that evidence of his actual innocence warrants equitable tolling of the limitations period, his position fails both legally and factually. Moreover, petitioner has failed to demonstrate that it "would be unconscionable to enforce the limitation period against [him or that] gross injustice would result." Rouse, 339 F.3d at 246. Accordingly, this petition is time-barred from federal consideration, and must be dismissed. That being so, respondent's alternate positions regarding procedural bar and the merits of petitioner's claims need not be addressed.

### III. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition for habeas corpus relief will be dismissed with prejudice. An appropriate Order shall issue.

Entered this 5th day of April 2013.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia